Gary Stewart **BUCKLEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 9387.

United States Court of Appeals
Tenth Circuit.

Sept. 7, 1967.

Harry A. Stewart, Jr., of Stewart & Pickrell, Phoenix, Ariz. (Mitsunaga & Ross, Salt Lake City, Utah, with him on the brief), for appellant.

William T. Thurman, U. S. Atty., Salt Lake City, Utah, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge,* and LEWIS and BREITENSTEIN, Circuit Judges.

WILBUR K. MILLER, Senior Circuit Judge:

Gary Stewart Buckley was found guilty by a jury of obstructing justice in violation of 18 U.S.C. § 1503 [1] and the court imposed the maximum sentence of five years imprisonment and a fine of $5,000. His motion for a new trial, filed December 30, 1966, was heard and denied on January 20, 1967, and the order of denial

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. Buckley, who lived near Los Angeles, journeyed to Salt Lake City where he visited an attorney, who was at home because of illness, knocked him down and, as set forth in appellant's brief, told him "that if he kept going with 'The Phoenix matter' he would kill him." In a hearing on a motion for acquittal, the trial judge said Buckley told the probation officer he was paid to do what he did.

was entered by the Clerk of the court on that day. From the verdict and order denying a new trial, appellant filed a notice of appeal on February 1, 1967—two days after the expiration of the 10-day period within which such a notice may be filed. Rule 37, FED.R.CR.P.

On Febraury 6, 1967, the appellee filed a motion to dismiss the appeal because the notice of appeal was not filed in time, and the appellant filed a motion to extend the time for filing notice of appeal, alleging that his failure to file it within the permitted 10-day period was the result of excusable neglect. In support of his motion, the appellant filed the affidavit of one of his four trial attorneys, a member of a law firm in Phoenix, Arizona, who took upon himself the onus of tardy filing. This affidavit included the following:

"That affiant did not receive a notice from the Clerk of the United States District Court's Office [*sic*] advising of the docketing of said denial of motion and affiant mistakenly believed the District Clerk's procedure to be that he would enter said order in the criminal docket at some later date and counsel would be advised of that date; that affiant was not familiar with local practice, procedure and custom of docketing in the criminal calendar.

"Due to a heavy trial schedule and business out of affiant's office in Phoenix, Arizona, on January 30th. and 31st, it did not come to your affiant's attention as a matter in affiant's office until February 1st that perhaps his time computation was in error; thereupon affiant immediately prepared a Notice of Appeal; dictated the same to the secretary of Gaylen Ross, Associate Counsel in Salt Lake City and requested Mr. Ross to forthwith file the same which was done at 12:10 noon on February 1, 1967."

At the hearing on the motion to extend time, the trial judge commented on the above quotation from counsel's affidavit. He said:

"What your affidavit boils down to is that you [say] two things: (1) That you didn't get a notice from the clerk that the order denying motion for a new trial and judgment had been entered on January 20. The second thing is that you were busy with your practice.

"MR. STEWART [attorney for appellant]: In essence, that is it, Judge * * *."

In disposing of the matter, the judge expressly held that excusable neglect had not been shown, and so denied the motion for extension of time. Three days later appellant noted an appeal from that order.

Prior to July 1, 1966, Rule 37(a) (2), FED.R.CR.P., provided without qualification that "The notice of appeal by a defendant shall be filed within 10 days after the entry of the judgment or order appealed from." In United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed. 2d 259 (1960), the Supreme Court held that the filing of a notice of appeal in a criminal case after expiration of the time prescribed by this Rule does not confer jurisdiction upon the Court of Appeals; that the filing of the notice within the 10-day period is mandatory and jurisdictional.

After the *Robinson* decision, Rule 37 (a) (2) was amended as of July 1, 1966, so as to relax the rigidity of the 10-day provision by giving to the District Court discretion to extend the time upon a showing of excusable neglect. The pertinent portion of the amendment reads as follows:

" * * * Upon a showing of excusable neglect, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed to any party for a period not to exceed 30 days from the expiration of the original time prescribed by this paragraph. * * *"

This amendment was not intended to and did not detract from the *Robinson* ruling that a notice of appeal must be filed within the prescribed period if it is to give the Court of Appeals jurisdiction. Since the amendment, the effect of that decision is that the filing of a notice of appeal within the 10-day period or within any extension thereof is mandatory and jurisdictional; and, of course, if the District Court does not extend the time, a notice of appeal if filed after the 10-day period has expired is wholly ineffective. Thus, one who tardily tenders a notice must bring himself squarely within the amendment to the Rule before the District Court may permit the notice to be filed out of time.

The sole question presented by this appeal is whether the trial judge abused his discretion in denying Buckley's motion for an extension of time within which to note an appeal from his conviction and the denial of his motion for a new trial.

As has been noted, the amendment gives the trial judge the authority, in his discretion, to extend the time only upon a showing of excusable neglect. Hence, as the first step in determining whether to extend the time, the judge must decide whether excusable neglect has been shown; if it has not, he is powerless to grant the motion. We agree with the Second Circuit that a District Court's ruling as to the presence or absence of excusable neglect should be overturned only if there has been a clear abuse of discretion. Ohliger v. United States, 308 F.2d 667 (1962). The term "excusable neglect" is not defined in the Rule. We think that whether neglect is excusable depends on the facts of each case in which the question arises, and that the question should be determined on the basis of the common-sense meaning of the two simple words applied to the facts which are developed.

In the brief for appellant, the same Phoenix attorney whose affidavit was filed in the District Court in support of appellant's motion for an extension of time again blames only himself for the failure to file a timely notice. He sub-stantially repeats as grounds for excusing his neglect the considerations contained in his affidavit from which we have quoted, and summarizes as follows:

> " * * * The error of the attorney in filing the notice two days late was occasioned by relying upon the duty of the Clerk of the District Court to mail Notice of entry of the judgment, upon the usual three day extension of time for the mail between Utah and Arizona, and upon the crowded condition of the attorney's calendar."

Rule 49(c), which provides for mailing to each party a notice of the entry of an order on a post arraignment written motion, expressly provides that

> " * * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 37(a) (2). * * *"

Thus, counsel's claim that his neglect was caused by waiting for a notice from the clerk is not a basis for a plea of excusable neglect. Moreover, we observe that in his affidavit he said he did not realize "until February 1st that perhaps his time computation was in error." What brought about that realization two days after the time had expired is not explained.

As we have said, at the trial in Salt Lake City the appellant was represented by four attorneys employed by him; three were from a Salt Lake City law firm and one from a firm in Phoenix, Arizona. His brief on appeal lists the same two law firms as his counsel. There is no reason apparent in the record why the Phoenix attorney, who lived at a distance and who was engaged in other pressing business, should have been solely responsible for the simple act of filing a notice of appeal. In fact, when he realized on February 1 that he had neglected the matter, he enlisted the aid of one of his Salt Lake City associates, and it was the latter who actually filed the tardy notice of appeal. No reason ap-

pears why this could not have been done seasonably.

Counsel for appellant concedes that none of his grounds alleged as excusable neglect, standing alone, is sufficient to support his argument, but contends that the totality of them warrants a holding that the neglect was excusable. We do not agree. The multiplication of inadequate reasons for holding the neglect excusable serves only to emphasize their inadequacy.

Our conclusion that excusable neglect was not shown here is fortified by this court's recent decision in Maryland Casualty Company v. Conner, 382 F.2d 13, filed August 23, 1967.

Counsel's contention that the appellant should not be charged with his neglect is, in the circumstances of this case, an invalid argument. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); United States v. Sorrentino, 175 F.2d 721 (3rd Cir. 1949).

We hold, not only that there was no clear abuse of the trial judge's discretion, but also that his ruling was clearly correct.

Affirmed.