**Theodore R. GOOCH et al., Plaintiffs-Appellants,**

**v.**

**SKELLY OIL COMPANY, a corporation, et al., Defendants-Appellees.**

**Nos. 73–1095 through 73–1097.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 22, 1974.

Decided March 25, 1974.
Rehearing Denied June 5, 1974.

and of counsel, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., on the brief), for defendants-appellees.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The first matter to be resolved is whether we have jurisdiction to hear these consolidated appeals on their merits. We conclude that we do not, and the appeals must therefor be dismissed.

The appellees filed in this court a motion to dismiss based on the alleged failure of the appellants to file a timely notice of appeal in the trial court. We denied this motion without prejudice to the right of the appellees to renew the motion in their brief and at the time of oral argument on the merits. This the appellees have done. We are now convinced that the motion to dismiss is well taken and that these appeals must be dismissed.

Gooch and others brought an action against Skelly Oil Company and others seeking cancellation of certain oil and gas leases as well as damages for what was described as negligent and fraudulent oil and gas drainage by the defendants. Trial was to the court, sitting without a jury, and on September 25, 1972, the trial court entered formal judgment in favor of the defendants. The trial court generally found that the plaintiffs had failed to sustain their burden of proof and were entitled to no relief.

On October 5, 1972, the plaintiffs filed a motion to correct and alter the aforesaid judgment. This motion was not set for hearing and the trial court on October 25, 1972, more or less *sua sponte*, entered an order denying the motion to correct and alter judgment. As indicated, there was no court hearing, as such, on the motion to correct and alter judgment. However, the record of the trial court shows that copies of the order denying the motion to correct and alter judgment were mailed to all counsel on October 25, 1972.

Robert T. Cornwell, Wichita, Kan. (Bernard E. Nordling, Leland E. Nordling, Hugoton, Kan., Dale M. Stucky and Richard I. Stephenson, Wichita, Kan., on the brief), for plaintiffs-appellants.

Gerald Sawatzky, Wichita, Kan. (Elmer W. Adams, Sam Riggs, Jr., Paul D. Fielding, Jr., Sam C. Oliver, Tulsa, Okl.,

Gooch and the other plaintiffs were represented by two attorneys, each being an attorney of record for the plaintiffs. One attorney was located in Hugoton, Kansas, and it is agreed that a day or so after October 25, 1972, he did in fact receive a copy of the trial court's order denying the motion to correct and alter judgment. The second attorney, who was also "of record" as representing the plaintiffs, was located in Wichita, Kansas, and he did *not* receive a copy of the trial court's order denying the motion to correct and alter judgment.

On December 12, 1972, the plaintiffs filed a motion for an order extending the time by thirty days within which a notice of appeal could be filed. In support of this motion was the affidavit of the Wichita attorney. In that affidavit it was represented that the affiant, i. e., the Wichita attorney, had not received any notice from the clerk and had not otherwise learned of the October 25 order till December 8, 1972. On that date, according to the affidavit, inquiry was made as to why the trial court had not ruled on the motion to correct and alter judgment and on that occasion the clerk of the court stated that the motion had in fact been denied on October 25, 1972. In this affidavit the Wichita attorney was said to be the "principal" attorney for the plaintiffs.

This motion to extend time was set for hearing on December 15, 1972, at which time the trial court, over objection from the defendants, granted the motion and found, in effect, if not in so many words, "excusable neglect." Plaintiffs then filed their notices of appeal on December 21, 1972.

It is the appellees' basic position that the trial court's finding of excusable neglect is not supported by the record and that, on the contrary, the record shows no excusable neglect, as a matter of law. The extension of time within which to file the notice of appeal having been improperly granted, appellees argue that the present appeal must be dismissed for the failure of the plaintiffs to file their notice of appeal within thirty days immediately subsequent to October 25, 1972, the date when the motion to correct and alter judgment was denied, as required by Fed.R.App.P. 4(a). *See also* 28 U.S.C. § 2107. We agree with the appellees.

At the outset, we recognize that a trial court's finding as to the presence or absence of "excusable neglect" as that term is used in Fed.R.App.P. 4 should not be overturned by us on appeal unless there has been a clear abuse of discretion. Buckley v. United States, 382 F.2d 611 (10th Cir. 1967), cert. denied, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968). However, in the instant case, we conclude that the record simply does not support a finding of excusable neglect, which is of course essential to any extension of time within which to file a notice of appeal. In so finding the trial court did thus abuse its discretion. In support of our resolution of the matter, we need not go outside our circuit for authorities, as we have on numerous prior occasions indicated that the thirty-day period for filing a notice of appeal in a civil case and the ten-day period in a criminal proceeding are not to be extended except on a real showing of excusable neglect. Let us examine the applicable rule and the Tenth Circuit cases bearing on this matter.

According to Fed.R.App.P. 4, a notice of appeal in a civil case shall be filed with the clerk of the district court within thirty days of the date of the entry of the judgment or order appealed from, and that rule further provides that where a motion to amend judgment has been filed pursuant to Fed.R.Civ.P. 52(b), the thirty-day period commences to run when the motion to amend is either granted or denied. A court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal and this requirement is mandatory and jurisdictional. Lathrop v. Oklahoma City Housing Authority, 438 F. 2d 914 (10th Cir. 1971), cert. denied, 404 U.S. 840, 92 S.Ct. 132, 30 L.Ed.2d 73 (1971), and Maryland Casualty Com-

pany v. Conner, 382 F.2d 13 (10th Cir 1967).

This same rule, i. e., Fed.R.App.P. 4, also provides that the district court may extend the time for filing the notice of appeal for a period not to exceed thirty days "upon a showing of excusable neglect," with the proviso that the extension may be granted either before or after the expiration of the initial thirty-day period. The term "excusable neglect" is not defined in the rule, and we have heretofore stated that whether neglect is excusable depends on the facts of the case at hand and that the question should be determined on the basis of the "common-sense meaning of the two simple words applied to the facts which are developed." Buckley v. United States, *supra*.

In *Buckley*, which was a criminal case where the defendant had been sentenced to five years' imprisonment and fined $5,000 the defendant's counsel was two days late in filing a notice of appeal. The Government then moved to dismiss the untimely notice of appeal; whereupon the defendant filed a motion to extend the time for filing notice of appeal. In support of this latter motion, one of defendant's counsel filed an affidavit in which he stated that he had not received a notice from the clerk that his motion for a new trial had been denied and that because of the press of other business he had not checked into the matter before the ten-day period had expired. The trial court held in *Buckley* that this was an insufficient showing of excusable neglect, and we affirmed on appeal. In affirming, we stated that counsel's claim of neglect caused by his waiting for a notice from the clerk which never came "is not a basis for a plea of excusable neglect." So, in *Buckley*, the fact that counsel of record in a criminal case who was responsible for the filing of the notice of appeal had not himself received notice from the clerk that his motion for new trial had been denied did not obli-

gate the trial court to find excusable neglect and on appeal we indeed indicated such fact was not in and of itself sufficient to make out a case of "excusable neglect."[1]

In Lathrop v. Oklahoma City Housing Authority, *supra*, the clerk apparently failed to mail counsel of record a copy of the trial court's order denying timely filed post-trial motions. After the thirty-day period for filing a notice of appeal had expired, counsel first became aware that his post-trial motion had been denied, and he promptly sought to file, out of time, a notice of appeal. In dismissing the appeal because of the untimely filing of the notice of appeal, we noted that Fed.R.Civ.P. 77(d) specifically provides that lack of notice of the entry by the clerk does not affect the time to appeal or relieve a party for failure to appeal within the time allowed, except as permitted by Fed.R.App.P. 4(a). In that case, we then went on to observe that Rule 77(d) charges a prospective appellant with the duty of following the progress of the action and advising himself as to when the court makes an order which he wishes to appeal.

A similar situation was involved in Long v. Emery, 383 F.2d 392 (10th Cir. 1967). There, counsel for the would-be appellant did not receive notice from the clerk that the post-trial motions had been denied, though he did know that a hearing was to be held on the post-trial motions. The trial court there refused to grant an extension of time to file the notice of appeal and we affirmed on appeal. In affirming, we stated that the fact that counsel did not receive notice from the clerk that post-trial motions had been denied was but one of many factors to be considered in determining whether there has been excusable neglect. In this connection, we noted that the Advisory Committee on Rules had stated that the time for appeal need not be extended merely because the clerk's notice was not sent or received. We also

---

1. *Buckley* was concerned with Fed.R.Crim.P. 37(a)(2), which now appears, in substance, as Fed.R.App.P. 4(b).

observed that Rule 77(d), as amended, charges a prospective appellant with the duty to keep himself apprised as to the status of his case.

Perhaps Cohen v. Plateau Natural Gas Company, 303 F.2d 273 (10th Cir. 1962), comes closest to the facts of the present case. There, "local" counsel received notice from the clerk of the date of judgment. However, the would-be appellant's "chief" counsel in New York City did not receive such notice. Chief counsel, after the initial thirty days had expired, filed a motion to extend the time for filing of a notice of appeal and urged as grounds therefor the fact that he, as chief counsel, had not received notice of the entry of judgment. The trial court granted this motion for an extension of time, ex parte. On appeal, we reversed on the grounds that under the applicable rule the hearing on the motion to extend the time for the filing of a notice of appeal, having been filed beyond the thirty-day period, could only be held on notice, and not ex parte. In so holding, we added, by way of dictum, that "it is extremely doubtful whether, as a matter of law, the 'excusable neglect' contemplated by Rule 73(a) was present." [2] So, in the instant case, as in Cohen, "principal" or "chief" counsel did not receive notice from the clerk, though other counsel of record did. And in Cohen we indicated that "chief" counsel had not made out a case of excusable neglect simply because he himself had not received notice from the clerk.

Application of these principles to the present factual situation leads inescapably to the conclusion that the trial court erred in granting Gooch's motion to extend the time within which he could file his notice of appeal. From the cases above referred to, we learn that even where the *only* counsel of record in a case did not receive notice from the clerk of action taken by the trial court, such fact did not obligate a trial court to find excusable neglect. Additionally, there is at least a suggestion in such cases as *Buckley* and *Long* that the mere fact that counsel of record did not receive notice from the clerk is not, standing alone, sufficient to support a finding of excusable neglect.

Be that as it may, the instant case is different in that it is admitted that one out of two counsel of record did receive notice that the trial court had denied Gooch's motion to correct and alter judgment, which in our view weakens even further a claim of excusable neglect. The argument that the Wichita attorney was "principal" counsel and that he did not receive notice from the clerk is not persuasive. Indeed, we believe our resolution of the present matter was forecast by our decision in Cohen, where "local" counsel received notice, but "chief" counsel did not. In Cohen, we indicated that the fact that "chief" counsel had not received notice from the clerk did not, as a matter of law, make out a case of excusable neglect. Our indication in Cohen becomes our holding in the present case.

In sum, the record does not support a finding of excusable neglect. The time for taking an appeal should not be extended in the absence of circumstances that are "unique or extraordinary." Maryland Casualty Company v. Conner, *supra*. The present record does not in our view disclose circumstances that are either unique or extraordinary, only run-of-the-mill oversight growing out of a lack of communication between co-counsel, each of whom was counsel of record.

Appeal dismissed.

---

2. *Cohen* was concerned with Fed.R.Civ.P. 78(a), which now appears, in substance, as Fed.R. App.P. 4(a).