**590**

Terry L. DOUGLAS, Plaintiff,

v.

Irl DAY, Warden, El Reno Reformatory,
et al., Defendants.

No. CIV–76–0157–D.

United States District Court,
W. D. Oklahoma.

June 27, 1977.

Terry L. Douglas, pro se.

David L. Russell, U. S. Atty. by Charles Lee Waters and Drew Neville, Asst. U. S. Attys., Oklahoma City, Okl., for defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

DAUGHERTY, Chief Judge.

On March 1, 1977, an Order dismissing the captioned cause was entered by this court. The period for filing the Notice of Appeal from this Order expired April 30, 1977. On May 9, 1977, the clerk of this court received a Notice of Appeal dated April 15, 1977. The plaintiff had improperly directed this Notice of Appeal to the Court of Appeals for the Tenth Circuit which received it on April 25, 1977, and then forwarded it to the clerk of this court. By Order dated May 12, 1977 the court granted to the plaintiff an opportunity to show that his tardiness was excusable. He thereafter filed on May 20, 1977, Motion for Extension of Time to file the Notice of Appeal. After notice, as required by Rule 4(a), Federal Rules of Appellate Procedure, defendants have filed written objections to the Motion.

In support of his Motion the plaintiff has alleged that he was ignorant of the proper procedure to perfect an appeal and that this court did not advise him of the time and manner in which to appeal. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure impose upon the trial judge the duty in a civil case to advise the litigants of the correct appellate procedures. Plaintiff's statement that he did not know the Notice of Appeal should be filed with this court is not consistent with his action in a prior civil case in this court, CIV–75–0578–D in which he perfected an appeal to the Court of Appeals by filing in this court a timely Notice of Appeal. Moreover, the plaintiff was advised on April 11, 1977, by a staff attorney of the Court of Appeals that he should proceed to file a timely Notice of Appeal in accordance with Rule 4, F.R.A.P. This rule plainly states that the Notice of Appeal must be filed with the clerk of the district court and plaintiff would have made no mistake if he had simply read and followed the rule as suggested by the staff attorney.

Under Rule 4(a) this court can only extend the time for filing the Notice of Appeal "upon a showing of excusable neglect." A party can hardly plead ignorance when he has properly filed Notice of Appeal with

the clerk of the district court in another case. It is not really excusable to disregard instructions as to the proper procedure to follow in lodging an appeal. The plaintiff has failed to show any cause beyond his control.

The standard of "excusable neglect" must be applied with common sense to the facts of each case. *Buckley v. United States,* 382 F.2d 611 (CA10 1967), cert. denied, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97. In the absence of unique and extraordinary circumstances, a motion for extension of time to file a notice of appeal should be denied. *Gooch v. Skelly Oil Co.,* 493 F.2d 366 (CA10 1974); *Maryland Casualty Co., v. Conner,* 382 F.2d 13 (CA10 1967). In *Vac-Air, Inc., v. John Mohr & Sons, Inc.,* 53 F.R.D. 365, 366 (E.D.Wisc.1971) the court pointed out:

> "In general, 'no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice [of appeal] be timely filed.' Committee Note of 1966 to Amended Subdivision (a) [of former rule 73(a)], 9 Moore's Federal Practice ¶ 203.-25[3], at 783 (1970)."

The Advisory Committee on Appellate Rules intended the standard to be a strict one applicable only to emergency situations where the tardiness is attributable to some cause beyond appellant's control and not due to his own neglect. See Stern, Changes in Federal Appellate Rules, 41 F.R.D. 297, 298–299.

The court has given due consideration to the fact that the plaintiff is a layman and a prisoner. Standing alone this is not enough to excuse non-compliance with the rules. Prisoner pleadings must be liberally construed but prisoners are not exempt because of their status from all requirements of the rules. They are not free to proceed without regard to the rules. Particularly should this be true when the applicable rule has been called to the prisoner's attention. The procedure established by Rule 4 for perfecting an appeal is not complicated. All that was required here was for the notice to be filed with the clerk of the district court within 60 days of the entry of the judgment. There are no technical or confusing demands which might require a lawyer to interpret. A layman could easily read and understand the rule. Plaintiff's litigation history demonstrates a past familiarity with the rule and if there was any uncertainty in his mind it could easily have been resolved by turning to the rule as suggested by the staff attorney. His conduct under the circumstances was neither reasonable or excusable. The tardiness was due to his own inexcusable neglect.

Accordingly, since the facts are not in dispute there is no requirement for an evidentiary hearing in this court and the Motion for an Extension of Time to file a tardy Notice of Appeal will be denied.

IT IS SO ORDERED.