961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David W. MAESTAS, Defendant-Appellant.
 Nos. 91-2083, 91-2110.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1992.
 
 Before BALDOCK and BRORBY, Circuit Judges, and BELOT, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant David W. Maestas was charged with two counts of making false statements on a Collection Information Statement, Form 433A, which he completed pursuant to an I.R.S. collection effort. I.R.C. § 7206(1). In a bench trial, he was convicted of one count. He received a six-month sentence, the minimum for an offense level of ten and criminal history category I. See U.S.S.G. §§ 2T1.3(a), 2T4.1(E) ($22,000 tax loss). On direct appeal (No. 91-2083), Defendant argues that the district court applied the wrong guideline. According to Defendant, because the underlying tax collection effort concerned the one-hundred percent penalty for the failure to pay employment taxes, I.R.C. § 6672(a), no tax loss was involved and a base offense level of six therefore was appropriate. See Id. § 2T1.1, comment. (n. 2) (tax loss does not include interest or penalties). In the alternative, Defendant argues that the district court's calculation of the tax loss is clearly erroneous; a figure closer to $5,000 would be correct with a base offense level of seven.
 
 
 2
 In a companion appeal (No. 91-2110), Defendant challenges the district court's finding that his late notice of appeal was not the product of excusable neglect. The government urges us to dismiss the merits appeal for lack of jurisdiction. Defendant was sentenced on March 8, 1991, with judgment entered in the docket on March 19, 1991. According to retained counsel, he timely discussed an appeal with the Defendant, advised against it, and returned Defendant's file on the understanding that Defendant did not wish to pursue an appeal. IR. doc. 20. On April 2, 1991, counsel received a call from the Defendant advising that Defendant had contacted the court of appeals in Denver about appointed counsel and now wished to proceed with the appeal after considering the matter thoroughly. Id. Defendant filed his notice of appeal on April 4, 1991, six days after the ten-day period had expired. He then unsuccessfully moved the court for an extension of time in which to file the notice of appeal. See Fed.R.App.P. 4(b).[1]
 
 
 3
 The time limits for filing a notice of appeal are mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 229 (1960). Whether to grant a limited extension for excusable neglect is reviewed for a clear abuse of discretion. Buckley v. United States, 382 F.2d 611, 614 (10th Cir.1967), cert. denied, 390 U.S. 997 (1968). An abuse of discretion may occur when a district court either demonstrates an incorrect view of the law or proceeds in the absence of facts supporting its decision. United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990). Discretion provides some latitude, and we are precluded from simply substituting our judgment for that of the district court, even if we might have come to a different decision in the first instance. Id.; United States v. Breit, 754 F.2d 526, 529 (4th Cir.1985); United States v. Ferrer, 613 F.2d 1188, 1190-91 (1st Cir.1980).
 
 
 4
 Excusable neglect exists when a defendant has done "all he could do under the circumstances" to perfect a timely appeal. United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986). It is dependent on the facts and circumstances of each case, Buckley, 382 F.2d at 614, but a finding of excusable neglect means that the delay should not be chargeable to the defendant.[2] See Fallen v. United States, 378 U.S. 139, 143-44 (1964). Defendant does not contend that he was not advised of his right to appeal. Rather, it appears that he made an informed decision, before the ten-day time period had run and after consultation with counsel, to forego an appeal. Thereafter, he changed his mind. This case does not present the typical circumstances where a Rule 4(b) finding of excusable neglect is appropriate. United States v. Twomey, 845 F.2d 1132, 1134 (1st Cir.1988) (delayed filing due to postal service or court personnel); United States v. Kaden, 819 F.2d 813, 816-17 (7th Cir.1987) (defendant was relying on counsel to file and counsel may have abandoned the representation); United States v. Andrews, 790 F.2d 803, 806 (10th Cir.1986) (defendant seriously ill, heavily medicated and not represented by counsel), cert. denied,, 481 U.S. 1018 (1987). Cf. Houston v. Lack, 487 U.S. 266, 276 (1988) (pleadings of a pro se prisoner who relies on prison mail system are considered filed when received by prison authorities). Although Defendant claims that his late filing was attributable to an unidentified misunderstanding, we are not persuaded that the district court abused its discretion.
 
 
 5
 The order in No. 91-2110 is AFFIRMED. Appeal No. 91-2083 is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Fed.R.App.P. 4(b) provides in pertinent part:
 In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from.... A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise provided by this subdivision.
 
 
 [2]
 Notwithstanding, attorney neglect by itself is not a sufficient basis for a Rule 4(b) extension. Avendano-Camacho, 786 F.2d at 1392