Robert FERNANDES, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 96–2314–KHV.

United States District Court, D. Kansas.

Nov. 4, 1996.

James D. Walker, Kansas City, MO, for Plaintiffs.

Robert A. Olsen, Office of United States Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

On September 25, 1996, the Court sustained defendant's *Motion To Dismiss For Failure To State A Claim For Which Relief May Be Granted Or In The Alternative For Summary Judgment* (Doc. # 4) filed August 27, 1996. Said motion was unopposed. This matter now comes before the Court on plaintiffs' *Motion For Extension Of Time Within Which To Respond To Defendants' Motion To Dismiss* (Doc. # 9) filed September 27, 1996.

D.Kan. Rule 7.1(b) required plaintiffs to file any response to the motion to dismiss within 20 days or (allowing three days because defendant served the motion by mail) by September 19, 1996. Plaintiffs filed the subject motion eight days after the response date had lapsed.

■ D.Kan. Rule 6.1(a) relaxes the rigidity of D.Kan. Rule 7.1(b) to some extent, by giving the court discretion to extend plaintiffs' time to respond upon a showing of excusable neglect. The pertinent portion of D.Kan. Rule 6.1(a) reads as follows:

> Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect.

That rule does not define "excusable neglect," but whether neglect is excusable depends on the facts of each case in which the question arises, and that the question is determined on the basis of the common-sense meaning of the two simple words applied to the facts which are developed. *Buckley v. United States,* 382 F.2d 611, 614 (10th Cir. 1967), *cert. denied,* 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968). Cases which construe the concept of excusable neglect in other contexts inform our analysis of the issue in this case.

■ As noted above, D.Kan. Rule 6.1(a) gives the trial judge discretion to extend the time only upon a showing of excusable neglect. Hence, as the first step in determining whether to extend the time, the judge must decide whether excusable neglect has been shown; if it has not, the motion will be denied. The burden is upon the party mov-ing to have the judgment set aside to plead and prove excusable neglect. *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1147 n. 5 (10th Cir.1990); *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc.,* 837 F.2d 423, 426 (10th Cir.1988). Justification for relief—in this case, the existence of excusable neglect—is litigated on the merits. A party seeking to establish excusable neglect must plead and prove it. The opposing party is entitled to present controverting evidence demonstrating the absence of excusable neglect. The trial court must determine whether excusable neglect has in fact been established, resolving all doubts in favor of the party seeking relief. *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir.1980); see 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.19 at 232–33 (2d ed. 1978).

■ In support of his motion for an extension of time, plaintiffs' counsel tenders the unverified explanation that "due to a clerical error in counsel's office the motion to dismiss was placed in another file involving a case with the same plaintiffs." Counsel states that due to this clerical error, "counsel for plaintiffs was not aware [until sometime shortly after September 23, 1996, when defendant filed its motion for judgment under D.Kan. Rule 7.4] that the motion to dismiss had been filed in this case." Counsel's statement offers no clue concerning who made the "clerical error" or what precisely was the nature of the "clerical error." Because counsel claims to have had no awareness that the motion had been filed, the possibility of misfiling does not foreclose other lines of inquiry such as (1) why did counsel not see the motion between the time it hit his desk and the time it arrived in the wrong file; (2) why did counsel or someone else in his office not docket the response deadline before dispatching the motion to the file; (3) why did counsel not notice the misfiled motion when he was working on the related case; and (4) why did counsel not monitor the answer deadline in this case in a manner that would have alerted him to the possibility of a motion to dismiss. These questions are evoked by the lengthy and insightful analysis which defendant has outlined in its *Response Of United States Of America To Plaintiffs' Mo-*

tion To Reconsider Pursuant To D.Kan. Rule 7.3 (Doc. # 13) filed October 7, 1996. These questions, inexplicably, remain unanswered. As a result, plaintiffs have failed to come forth with a *credible* explanation of their default.

■ It being plaintiffs' obligation to come forward with proof of excusable neglect, *Pelican Production Corp., supra*, 893 F.2d at 1147 n. 5, the Court has no hesitation in holding that leave to respond out of time should be denied. See *Buckley, supra*, 382 F.2d at 615 (where attorney error in filing late notice of appeal occasioned by reliance on court clerk's duty to mail notice of entry of judgment and attorney was busy with law practice, no excusable neglect within meaning of Rule 37, Fed.R.Crim.Proc.); *Maryland Casualty Co. v. Conner*, 382 F.2d 13, 17 (10th Cir.1967) (attorney's preoccupation with other matters not excusable neglect). Carelessness by a litigant or his counsel does not afford a basis for relief. *Ben Sager Chemicals, Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977). We know of no reason why a response could not have been filed seasonably, or any standard under which counsel's failure to answer the motion to dismiss can be viewed as excusable. *Pelican Production Corp., supra*, 893 F.2d at 1146; *Sutherland v. ITT Continental Baking Co., Inc.*, 710 F.2d 473, 476–77 (8th Cir.1983) (excusable neglect not vehicle for attorney carelessness).

Here, the case was disposed of with notice to counsel and with legal authority. *Cf. Fleming v. Gulf Oil Corp.*, 547 F.2d 908, 913 (10th Cir.1977) (relief granted where no notice of motion to dismiss given appellant or counsel and no legal authority stated for denial of Rule 60(b) motion); *Wallace v. McManus*, 776 F.2d 915 (10th Cir.1985) (Rule 60(b)(1), Fed.R.Civ.P., not applied to penalize uncounselled incarcerated civil rights plaintiff for clerical error that was none of her doing and of which she had no knowledge). There is simply nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court. Moreover, we find nothing unfair about requiring a party to be bound by the actions of his attorney-agent. *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962); *United States v. Sorrentino*, 175 F.2d 721, 723 (3rd Cir.), *cert. denied*, 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532 (1949). Plaintiffs had legal counsel who was on notice, since he had initiated a lawsuit, that timeliness would be an element in a successful resolution to this particular legal dispute. Nevertheless, default occurred, and incomplete explanation has been offered for the default.

■ The Court recognizes that entry of dismissal is to plaintiffs as entry of default is to defendants and that default judgments, to be certain, are disfavored. See *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion." *Id.; Pelican Production Corp., supra*, 893 F.2d at 1146. In *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983), the Tenth Circuit Court of Appeals emphasized that "a workable system of justice requires that litigants not be free to appear at their pleasure." Accordingly, we must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. *Id.; see Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981); *Gomes, supra*, 420 F.2d at 1366.

■ Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney. 7 *Moore's Federal Practice* ¶ 60.22[2], at 60–184 (2d ed. 1987). And, even though plaintiffs might demonstrate that they were wholly innocent in the matter of failing to respond to the motion to dismiss, this does not constitute excusable conduct under D.Kan. Rule 6.1(a). *E.g., Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987) (receiving actual notice and failing to respond is culpable conduct); *Ben Sager Chemicals, supra*, 560 F.2d at 809 (neither ignorance nor care-

lessness by party or his attorney is proper basis for relief under Rule 60(b)); *Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir. 1972) (party's failure to fully inform counsel does not provide grounds for relief); *Greco v. Reynolds,* 416 F.2d 965, 965 (3d Cir.1969) (defendant's failure to answer despite repeated written admonitions of plaintiff's attorneys constitutes inexcusable neglect); *Greenspahn v. Joseph E. Seagram & Sons,* 186 F.2d 616, 619–20 (2d Cir.1951) (party's mistake constituted gross carelessness providing no grounds for relief); *Associated Press v. J.B. Broadcasting of Baltimore, Ltd.,* 54 F.R.D. 563 (D.Md.1972) (no adequate excuse for failure to refer matter to counsel).

On this record, any neglect, mistake or inadvertence in failing to respond to defendant's motion to dismiss was inexcusable. For this reason, the Court finds that plaintiffs' motion should be overruled.

IT IS THEREFORE ORDERED that *Plaintiffs' Motion For Extension Of Time Within Which To Respond To Defendants' Motion To Dismiss* (Doc. # 9) filed September 27, 1996 be and hereby is overruled.