**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roland Lorenzo MITCHELL, Defendant–Appellant.**

No. 05–2052.

United States Court of Appeals, Tenth Circuit.

Sept. 22, 2006.

Marc H. Robert, Assistant Federal Public Defender, Las Cruces, NM for the Defendant–Appellant.

Terri J. Abernathy, Assistant U.S. Attorney (David C. Iglesias, United States Attorney with her on the brief), Las Cruces, NM for the Plaintiff–Appellee.

Before LUCERO, Circuit Judge, EBEL, Senior Circuit Judge, and MURPHY, Circuit Judge.

LUCERO, Circuit Judge.

Roland Lorenzo Mitchell seeks to appeal the district court's denial of his motion to suppress evidence discovered by officers of the New Mexico Department of Public Safety during a warrantless search of the tractor-trailer he was driving at a border checkpoint. Recognizing that his notice of appeal was untimely, Mitchell filed a motion for an extension of time with the district court arguing that the delay was the result of excusable neglect under Federal Rule of Appellate Procedure 4(b)(4), which was granted. The only grounds identified by Mitchell's counsel in justifying the delay was counsel's heavy work load and involvement with other matters. Because we conclude that these justifications do not constitute excusable neglect as a matter of law, we hold that the district court abused its discretion in granting Mitchell's motion for an extension of time. On that basis, we **DISMISS** this appeal for lack of jurisdiction.

### I

Mitchell, a long haul driver, was arrested at the Port of Entry in Lordsburg, New Mexico ("POE") when New Mexico De-

partment of Public Safety officers operating the POE discovered cardboard boxes containing a large quantity of marijuana in the tractor-trailer he was driving during a warrantless search. Arrested, Mitchell was charged with possession of more than 100 kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Mitchell filed a motion to suppress the marijuana found in the truck claiming that the search violated the Fourth Amendment. When the district court denied his motion, Mitchell entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to suppress. He was sentenced to 60 months' imprisonment.

Judgment was formally entered on February 9, 2005. A notice of appeal was filed on February 25, 2005, six days after the ten-day period for filing criminal appeals set forth in Federal Rule of Appellate Procedure 4(b)(1) had expired. As noted above, recognizing that his notice of appeal was untimely, Mitchell filed a contemporaneous motion seeking an extension of time to file his notice of appeal. The motion stated that the delay was caused by his counsel's heavy work load and involvement with another trial. The district court granted the motion in a summary order that contained no reasoning or explanation.

## II

We review a trial court's decision extending the time to file a notice of appeal for abuse of discretion. *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 (10th Cir.1994).

"A court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal[;] this requirement is mandatory and jurisdictional." *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir.1974) (internal citation and quotation omitted). Under Federal Rule of Appellate Procedure 4(b)(1)(A), a criminal defendant must file a notice of appeal "within 10 days after ... the entry of either the judgment or the order being appealed." However, "[u]pon a finding of excusable neglect or good cause, the district court may ... extend the time to file a notice of appeal...." Fed. R.App. P. 4(b)(4).[1] The defendant bears the burden of proof to establish that the untimely filing was the result of excusable neglect. *United States v. Lucas*, 597 F.2d 243, 245 (10th Cir.1979).

Historically, we have held that a party's untimely filing is not the product of excusable neglect when the delay results solely from counsel's busy practice. For example, in *Buckley v. United States*, 382 F.2d 611 (10th Cir.1967), the defendant filed a notice of appeal two days late. In the defendant's motion for an extension of time to file a notice of appeal, counsel admitted fault for the delay, but attributed the error to his lack of notice of the judgment, unfamiliarity with local practice and procedure, and heavy trial schedule that required travel in the days proceeding the filing deadline. *Id.* at 613. Upon learning of the error, counsel immediately took steps to file the notice of appeal. *Id.* The district court denied the motion, and we affirmed. *Id.* We concluded not only that the district court did not abuse its discretion in finding that such circumstances did not present a case of excusable neglect, but that under such circumstances the finding was clearly correct. *Id.* at 615. Because Mitchell does not allege any such circumstances, we address only whether his untimely filing was the result of excusable neglect.

---

1. "Good cause" arises when the timely filing of a notice of appeal was prevented by conditions outside the control of the party responsible for the delay. *See United States v. Torres*, 372 F.3d 1159, 1161 n. 1 (10th Cir.2004).

*See also Long v. Emery,* 383 F.2d 392 (10th Cir.1967) (holding that an untimely filing due to counsel's lack of knowledge that a judgment had been entered against did not constitute excusable neglect); *Maryland Casualty Co. v. Conner,* 382 F.2d 13, 17 (10th Cir.1967) (holding that "[t]he fact that appellant's counsel is professionally engaged in other matters does not show excusable neglect" under Rule 73(a)). *Compare United States v. Andrews,* 790 F.2d 803, 806 (10th Cir.1986) (holding that a late filing was permitted under the excusable neglect doctrine when defendant was "seriously ill and heavily medicated during the time in which he was required to appeal" and was "improperly denied the aid of appointed counsel in pursuing his appeal").

Since our decision in *Buckley,* the Supreme Court has directly addressed the meaning of excusable neglect. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 385, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Court interpreted excusable neglect as that term is used in Rule 3003(c) of the Federal Rules of Bankruptcy Procedure, declaring: "[A]t bottom [an excusable neglect determination is] an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Factors that a court should consider include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* "[I]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. We have previously held that the Court's interpretation of excusable neglect in the bankruptcy context applies to that term as it is used within Federal Rule of Appellate Procedure 4(b)(4). *See United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir.2004).

Adoption of the four-factor approach outlined in *Pioneer* does not change our conclusion that the failure to file a timely notice of appeal as a result of counsel's involvement with other matters or heavy work load is not excusable neglect. Guiding this analysis is our decision in *United States v. Torres.* There, the defendant filed his notice of appeal eight days late, and filed a subsequent motion for an extension of time explaining that the delay resulted from his counsel's confusion regarding filing deadlines. 372 F.3d at 1163. Finding that the defendant had sufficiently shown that the delay resulted from excusable neglect, the district court granted the motion. On appeal, we sua sponte addressed the issue of whether we had jurisdiction to hear the appeal in light of the late filing. *Id.* at 1161. Applying the four-factors identified in *Pioneer,* we determined that three of the factors weighed in favor of permitting the appeal: the delay was very short, there was no evidence that the government would suffer any prejudice as a result of the delay, and there was "no indication that defense counsel acted in bad faith." *Id.* at 1162–63. We concluded, however, that the four factors identified by the Court in *Pioneer* are not to be given equal weight. *Id.* at 1163. "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id.* (internal citations and quotations omitted). Thus, we held that because the moving party's counsel was solely responsible for the delay (the attorney simply misread the unambiguous language of Rule 4(b)(1)(A)) the district court abused its discretion in finding that the delay was the result of excusable neglect. *Id.* at 1163–64.

In applying the *Pioneer* factors to the present case, three of the factors weigh in favor of allowing Mitchell's untimely filing. The delay was very short, no prejudice has been identified by the government, and there is no evidence that indicates the delay was attributable to bad faith on the part of Mitchell or his counsel. Indisputably, however, counsel's stated reason for the untimely filing is that he was "immersed" in work for another trial in the days leading up to the filing deadline. This type of neglect is not excusable under the law of our circuit and trumps the other three. Unless we are prepared to hold that whenever a lawyer is busy, and in trial, the rules on filing a notice of appeal may be set aside, we have no alternative but to reject defendant's plea. Not inclined to deliver such a pronouncement, we hold that the circumstances before us do not, as a matter of law, present a case of excusable neglect.[2]

## III

Accordingly, we **DISMISS** this appeal for lack of jurisdiction.[3]

**2.** Other circuits have adopted an equally strict view of excusable neglect in the context of attorney inadvertence both in cases predating and following the Supreme Court's decision in *Pioneer*. *See Deym v. von Fragstein*, 127 F.3d 1102, 1997 WL 650933, at *2,3 (6th Cir.1997) (unpublished table decision) (despite minimal delay in filing, attorney's busy workload was insufficient to satisfy the excusable neglect standard under *Pioneer*); *Files v. City of Rockford*, 440 F.2d 811, 815 (7th Cir. 1971) (noting that the heavy work load of counsel has been rejected as a basis for finding excusable neglect); *Smith v. United States*, 425 F.2d 173, 174 (9th Cir.1970) (dismissing

late appeal as untimely when it was uncontested that parties' counsel informed them that the notice would be filed but subsequently failed to file the notice). *See also Chipperfield v. Posi–Seal Int'l*, 550 F.Supp. 1322, 1322, 1324 (D.R.I.1982) (noting that the "requirements [of filing a notice of appeal] are too easily met" to find that upheaval in counsel's personal and professional life was sufficient to constitute excusable neglect).

**3.** Our holding today does not preclude other post-conviction proceedings.