**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

MERLE J. CERNO,

  Defendant - Appellant.

No. 06-2203
(D.C. No. CR-05-475-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Merle J. Cerno pleaded guilty to a charge of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. § 2241(a) and 18 U.S.C. § 1153. The district court sentenced him to 78 months' imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal.

---

  * After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. **Background**

On August 10, 2003, Mr. Cerno was arrested by officers from the Acoma Police Department after they responded to a domestic disturbance call from a home located on the Acoma Pueblo in Cibola County, New Mexico. When the officers arrived they found the 19-year-old victim and a female witness standing outside the home. The witness told the officers that Mr. Cerno had beaten and attempted to make sexual contact with the victim. A subsequent medical examination revealed evidence of sexual penetration and injuries consistent with a beating.

Mr. Cerno entered a plea agreement on December 19, 2005. The United States Probation Office prepared a Presentence Report that found certain offense-level adjustments to be appropriate, including a four-level upward adjustment for use of force against the victim. Mr. Cerno objected to this four-level adjustment contending that he did not use the degree of force necessary to support the increase. Additionally, Mr. Cerno claimed that, to the extent he used force, he did not do so in furtherance of the crime. Noting that Mr. Cerno had hit, kicked and held the victim down during the commission of the crime, the district court concluded that Mr. Cerno had used sufficient force to support the enhancement. The district court sentenced Mr. Cerno to 78 months' imprisonment.

Mr. Cerno filed a notice of appeal from the June 1, 2006 judgment on July 12, 2006, 27 days after the initial 10-day filing deadline expired. *See* Fed.R.App.P. 4(b)(1)(A)(I); Fed.R.App.P. 26(a)(2). Contemporaneously with the filing of his notice of appeal, Mr. Cerno filed a motion for extension of time in which to file notice of appeal.

2

On July 21, 2006, the district court granted the motion in a summary order that contained no reasoning or explanation.

## II. Discussion

We acquire jurisdiction only on the filing of a timely notice of appeal. *See United States v. Mitchell*, 464 F.3d 1149, 1150 (10th Cir.2006). Fed.R.App.P. 4(b)(1)(A) requires a criminal defendant to file a notice of appeal "within 10 days after. . .: the entry of either the judgment or the order being appealed." However, "[u]pon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed.R.App.P. 4(b)(4). We review the district court's grant of an extension for abuse of discretion. *See United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004).

In determining whether there is excusable neglect, the district court must consider all relevant circumstances regarding the party's failure to timely file an appeal. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). The district court should consider, "[1] the danger of prejudice to the nonmoving party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir.2004) (internal quotations omitted; internal brackets removed; quoting *Pioneer*, 507 U.S. at 395). These factors "are not to be given equal weight"; fault (i.e., the third factor) is a

3

very important factor and, arguably, the most important factor in the analysis of whether neglect should be deemed excusable. *Mitchell*, 464 F.3d at 1151 (citing *Torres*, 372 F.3d at 1163). The defendant bears the burden of establishing that the late filing was the result of excusable neglect. *Id.* at 1150.

Mr. Cerno appears to offer two reasons to justify his failure to timely file a notice of appeal. First, Mr. Cerno argues that his youth and inexperience with felony-level crimes led to his failure to timely file. Additionally, Mr. Cerno claims that he did not make a final decision to appeal until July 10, 2006, although he discussed his appeal options with his counsel earlier. Without comment, the district court granted the motion. Because Mr. Cerno's excuses are insufficient as a matter of law, we find that the district court abused its discretion in extending the time for filing the notice of appeal.

At sentencing, the district court informed Mr. Cerno of his appeal rights, specifically mentioning the 10-day filing deadline. In his motion for extension of time, Mr. Cerno implies that he and his counsel discussed his appeal options in a timely manner. Absent from his motion is any argument that his counsel was unwilling or unable to timely file a notice of appeal. We think, in light of the district court's statement, Mr. Cerno's failure to ask his counsel to file a notice of appeal within 10 days of the judgment is significant.

Mr. Cerno suggests that he did not seek a timely appeal due to his youth and inexperience, perhaps implying that he did not fully appreciate the consequences of his failure to timely file. However, Mr. Cerno is hardly of tender years in the eyes of the

4

federal criminal law. *See* 18 U.S.C. § 5031 (defining a "juvenile" as "a person who has not attained his eighteenth birthday"). He was 21 years old in July 2006, when he filed his notice of appeal. Furthermore, a defendant's inadvertence, ignorance of the rules, or mistakes construing the rules ordinarily do not constitute excusable neglect. *See Mitchell*, 464 F.3d at 1151; *Torres*, 372 F.3d at 1164. Despite Mr. Cerno's claimed youth, the fact remains that he was aware from the district court's statement that he must file his appeal in 10 days, and he offers no reason why he was prohibited or hindered from timely filing a notice of appeal.

We acknowledge that the government would not likely be prejudiced by Mr. Cerno's late filing. However, Mr. Cerno's failure to provide a legally sufficient excuse for his untimely filing is the determinative factor in this case. The district court abused its discretion in deciding that Mr. Cerno had proven excusable neglect. Therefore, because Mr. Cerno failed to file a timely notice of appeal, we lack jurisdiction to hear the merits of his appeal.

This appeal is **DISMISSED**.


Entered for the Court

Jerome A. Holmes
Circuit Judge