LUCERO, Circuit Judge,
dissenting.
To the extent my respected colleagues recognize that we have discretion to dismiss, sua sponte, an appeal as untimely under Federal Rule of Appellate Procedure 4(b), even when an appellee has forfeited the issue, I concur with their opinion.[1] I part company with the majority in *753 articulating what circumstances justify the exercise of our discretion to dismiss.[2] In my judgment, the time limits for filing a notice of appeal in criminal cases are of sufficient importance — to both this court and the parties it serves — that we should apply Rule 4(b) in accordance with its clear terms in all but extraordinary circumstances. Both the rule itself and our jurisprudence clearly define good cause and excusable neglect as the acceptable criteria for excusing a failure to file a timely notice of appeal. Counsel’s conduct in this case meets neither criterion. To the contrary, Mitchell’s counsel advances a garden-variety mea culpa, and I would therefore exercise my discretion to dismiss his appeal. I thus respectfully dissent from the majority’s explication of when we should exercise our discretion to dismiss as well as its consideration of the merits of Mitchell’s case.
I
Given that we have discretion to dismiss an untimely appeal, we need only determine precisely how we should exercise that discretion. According to the majority, we should sua sponte dismiss an admittedly untimely appeal in only “limited” circumstances, never invoking the power unless: (1) the delay in filing the appeal has been “inordinate,” and (2) concerns of “judicial resources and administration” are implicated. Maj. Op. at 750-51. In most cases — including the one at bar — the majority would rely on the appellee to raise the timeliness issue, and if forfeited by that party, would address the merits of the appeal. See id. at 749-51. This places an appellee’s forbearance in control of our docket, and both principle and pragmatism counsel against any such rule.
As a matter of principle, the rules governing timely filing of notices of appeal are of sufficient importance that this court should take notice of their violation. As the majority recognizes, Rule 4(b) “implicates important judicial interests beyond those of the parties....” Maj. Op. at 750. Not only does the rule serve to promote the finality of criminal convictions, which benefits the criminal justice system as a whole, but it also minimizes uncertainty and ensures that judicial resources will be allocated efficiently and in a structured manner. See Maj. Op. at 750-51; Schacht v. United States, 398 U.S. 58, 68-69, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970) (Harlan, J., concurring) (recognizing that time requirements for filing a petition for certiorari “are essential to an orderly appellate process”). By allowing an untimely appeal without a legally cognizable justification, as the majority does in this case, we necessarily undermine those important interests.
Relatedly, the majority’s decision to reach the merits of Mitchell’s appeal can only have the effect of allowing future parties also to file untimely notices of appeal. As I see it, we should require dili *754 gent observation of the procedural rules for timely initiating appeals. By so doing, we provide similarly situated parties with a healthy incentive to comply with the procedural rules as they are written.
As a matter of practicality, I am concerned with the ambiguity inherent in the majority’s two-factor test for determining when we should exercise our discretion, as well as that test’s bias in favor of hearing untimely appeals. With respect to the first factor, the majority offers no definition for what exactly constitutes an “inordinate” delay in the filing of a notice of appeal. We know from this case that one day is not inordinate, but what about ten days? Or thirty days? Or even one hundred days? Clearly the question is one of reasonable debate that will have to be addressed in each individual case. But absent any concrete definition, future parties (and future panels of this court) will be uncertain as to whether the failure to timely file a notice of appeal will ultimately result in dismissal, at least where an ap-pellee has forfeited its timeliness objection.
The second factor, whether concerns of judicial resources and administration are implicated, raises a separate, yet equally relevant concern. See Maj. Op at 750-51. Under the majority’s definition, a waste of resources might occur when we are called upon to decide an issue that we have previously adjudicated in the same case. See Maj. Op. at 750-51 (citing Arizona v. California, 530 U.S. 392, 412-413, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) (recognizing that sua sponte dismissal of an argument might be appropriate when a court is faced with “the prospect of redoing a matter once decided”)). According to this theory, before we can decide whether it is appropriate to sua sponte dismiss an appeal as untimely, we must first take a peek at the merits of the ease and entertain arguments from the parties as to whether, in fact, we have already addressed the issues presented. But that strikes me as only adding an extra layer of legal inquiry — and a potentially messy one — to what should be a fundamentally straightforward question: Was the notice of appeal timely or not? Moreover, in the context of direct criminal appeals, the only cases to which Rule 4(b) applies, we are almost never called upon to resolve an issue that we have already addressed in the same litigation. By its very design then, the factor appears to be largely superfluous and will almost universally counsel in favor of appellants, which, as previously noted, places control of our docket in the hands of the parties.
II
In contrast to the majority, I would dismiss almost all untimely appeals, regardless of whether an appellee forfeits its objection by not properly raising it. Unless an appellant comes forward with extraordinary circumstances to justify the failure to file a timely notice of appeal in a criminal case, the court should exercise its discretion to enforce the plain terms of Rule 4(b) and sua sponte dismiss the appeal. See Schacht, 398 U.S. at 69, 90 S.Ct. 1555 (Harlan, J., concurring) (expressing the view that “discretion [to relax timeliness requirements] must be exercised sparingly, and only when an adequate reason exists to excuse noncompliance with our Rules”).
Rule 4(b) itself is already fairly permissive in setting forth the requisite deadlines; it provides two exceptions that will save a large number of late appeals from dismissal. Under the rule, an appellant may file a late notice of appeal up to 30 days after the deadline has passed if a district court finds that the failure to timely file is a result of “good cause” or “excus *755 able neglect.” Fed. R.App. P. 4(b)(4);[3] see also United States v. Vogl, 374 F.3d 976, 981 (10th Cir.2004). Given the relative breadth of the circumstances these twin exceptions embrace, I see no reason to look outside the rule for additional justifications for not enforcing the time limits. See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P’ship, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (referring to “excusable neglect” as an “elastic concept”). As a result, I disagree with the majority that we should engraft another exception into Rule 4(b) and allow this appeal because Mitchell’s delay was not “inordinate” and did not itself cause the “waste of judicial resources.” Countless lawyers throughout the circuit on any given day are “busy in trial.” Are we to excuse all such lawyers from complying with the clear time limitations of our rules, as long as they are not “inordinate” in their delay? If that be the rule, then we should follow appropriate procedures in amending Rule 4(b) to that effect.[4]
Ill
Because this case does not present extraordinary circumstances warranting an exception to Rule 4(b), I respectfully dissent from the majority’s decision to reach the merits of Mitchell’s appeal.

. As the majority appropriately acknowledges, neither Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), nor Eberhart v. United States, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam), "specifically speak to the issue of whether a court may sua sponte raise timeliness under non-jurisdictional federal rules.” Maj. Op. at 745. Instead, those cases primarily address the role of the forfeiture doctrine in the en *753 forcement of nonjurisdictional time limits, an issue antecedent to this court’s sua sponte power to dismiss an untimely appeal. Cf. Alva v. Teen Help, 469 F.3d 946, 955 (10th Cir.2006) (recognizing that "[njothing in Kontrick or Eberhart upsets our ability to enforce our own rules”).

. Admittedly, my disagreement with the majority in this case is extremely narrow, in that it arises in relation to an issue that will rarely come before the court. In light of our adversarial system of justice, appellees will likely invoke Rule 4(b)'s time limitations to bar an untimely appeal in the vast majority of cases. See Eberhart, 546 U.S. at 18, 126 S.Ct. 403 (recognizing that "the Government is unlikely to miss timeliness defects very often”). When they do so, we have an obligation to dismiss the appeal. Id. at 19, 126 S.Ct. 403; United States v. Garduño, 506 F.3d 1287, 1290-91 (10th Cir.2007).

. Rule 4(b)(4) provides:
Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice — extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

. Nothing in Bowles v. Russell, —U.S. —, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), upsets our holding in United States v. Mitchell, 464 F.3d 1149, 1149 (10th Cir.2006), that “counsel's heavy work load and involvement with other matters” does not, as a matter of law, constitute excusable neglect. Mitchell has thus failed to show that an extension of time to file was properly granted under the terms of the rule.