829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re JACKSON LOCKDOWN/MCO CASES.
Harry Arthur HOSACK, et al., Class-Action/Plaintiffs-Appellees,
Lindsey Pearson; Gerald O. Gratton; Joseph Thomas; William
Bennett, Jr.; Elmer I'Ron; Joseph Dials; Chester
Shepard; K.C. McCarry; William Irby;
Michael Conner-El, Plaintiffs-Appellants,
v.
Barry Mintzes; Gerald Fryte; Michigan Corrections
Organization; Michael Huey; David Bokanowski; Jeffrey
Schoendorf; Robert Squires; David Arnold; Charles Hagle;
William Schnarrs; Perry Johnson, Defendants-Appellees.
 No. 86-1310
 United States Court of Appeals, Sixth Circuit.
 September 25, 1987.
 
 ORDER
 Before BOYCE F. MARTIN and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Ten prisoners filed notices of appeal from two district court orders. These plaintiffs were proceeding pro se at the time. Initially, plaintiffs filed a notice of appeal on November 26, 1985 from a district court consent judgment concerning claims brought in the aftermath of a prison riot. This notice of appeal was late; however, we remanded the case to the district court to consider whether to extend the appeal time. The district court declined to do so. Thereafter, on September 12, 1986, plaintiffs filed a notice of appeal contesting the denial of the extension. Both notices of appeal were assigned the same appellate case number, 86-1310.
 
 
 3
 One defendant, the Michigan Department of Corrections (MDOC), filed motions to dismiss both of the appeals. MDOC moved to dismiss the appeal because the November 26, 1985 notice of appeal was filed late, the district court had not granted an extension of time in which to file the notice of appeal, and there was no showing of excusable neglect or good cause for failing to file a timely appeal. The second motion to dismiss was filed on April 22, 1987. In this motion, MDOC argued that the appeal should be dismissed because technical defects in both notices of appeal deprived this court of jurisdiction as to all would-be appellants, except for Lindsay Pearson. MDOC argued that the court was deprived of jurisdiction over the other plaintiffs because they were not specifically named in the notice of appeal; rather, they were designated simply by an 'et al.' Further, MDOC reasserted that the November 26, 1985 notice of appeal was filed late.
 
 
 4
 The grant or denial of an extension of time for appeal is an appealable order reviewed under the abuse of discretion standard. Gooch v. Skelly Oil Co., 493 F.2d 366 (10th Cir.), cert. denied, 419 U.S. 997 (1974); National Indus., Inc. v. Republic Nat'l Life Ins. Co., 677 F.2d 1258 (9th Cir. 1982). A reviewing court will not reverse for abuse of discretion unless it has a definite and firm conviction that the court below committed error. Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir. 1986).
 
 
 5
 In this case, the district court did not err in concluding that plaintiffs had ample time to file a notice of appeal. Even if plaintiffs did not receive notice of the September 30, 1985 consent judgment until October 7, 1985 (as they claimed), they still had 23 days in which to file their notice of appeal. Second, the loss of Gratton's legal papers did not justify filing a late notice of appeal. Plaintiffs did not explain why this affected their ability to appeal, nor did Gratton sign an affidavit to support that assertion. The district court declined to extend the time for filing a notice of appeal because plaintiffs did not establish excusable neglect nor show good cause to justify that action. There being no abuse of discretion, the denial of an extension of time is affirmed.
 
 
 6
 We also conclude, however, that the court lacks jurisdiction to review the underlying consent judgment because the November 26, 1985 notice of appeal was filed late. On September 30, 1985, the district court entered its opinion and order approving the consent judgment. The notice of appeal was due within 30 days of entry thereof--on October 30, 1985. See Fed. R. App. P. 4(a) and 26(b). Plaintiffs did not file their notice of appeal until November 26, 1985, 27 days late. The district court denied the motion for extension of time within which to file the notice of appeal. Because the notice of appeal was untimely filed and the motion for extension of time was denied, this court is deprived of jurisdiction. Compliance with Rule 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983).
 
 
 7
 Accordingly, the district court order denying plaintiffs' motion for an extension of time to appeal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. To the extent this appeal is brought from the underlying consent judgment, it is hereby ORDERED dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.