947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jonathan Peter ROMERO, Plaintiff-Appellant,
v.
John O'BRIEN, individually; Stacey O'Brien, individually;
Joseph Caldwell, District Judge, in his individual and
official capacities; the New Mexico State Department of
Human Services; Samuel Pacheco, District Attorney, in his
individual and official capacities; Frank Padilla, Asst.
Dist. Attorney, in his official and individual capacities;
Brigitte Lotze, individually; Mary Alexander, in her
individual and official capacities; Michael Knight, in his
official and individual capacities; Elizabeth Dinsmore, in
her official and individual capacities; Angela Adams, in
her official and individual capacities; Timothy Cornish, in
his official and individual capacities; James Lucero, in
his official and individual capacities; Juan Vigil, former
D.H.S. Secretary; Lou Gallegos, former D.H.S. Secretary;
Al Valdez, D.H.S. Secretary; Jennie Gilmer, Former Director
of Social Services, D.H.S.; Jack Callaghan, Director Social
Services, D.H.S., Defendants-Appellees.
 Nos. 90-2189, 90-2222.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant appeals the district court's dismissal of his claims for monetary, declaratory, and injunctive relief arising from defendants-appellees' alleged violation of his civil rights in connection with certain state court proceedings. Before considering the merits of plaintiff's appeals, we must examine our jurisdiction. See McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989) (court has duty to inquire into its own jurisdiction even when parties do not question it). "A court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal and this requirement is mandatory and jurisdictional." Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.), cert. denied, 419 U.S. 997 (1974). Because neither of plaintiff's appeals was timely filed, we must dismiss them for lack of jurisdiction.
 
 
 3
 The district court entered a final judgment in the underlying action on August 3, 1990, when it dismissed plaintiff's amended complaint and all other claims asserted in the action. On August 17, 1990, plaintiff filed a timely motion pursuant to Fed.R.Civ.P. 59 challenging the court's order of August 3, 1990. While that motion was pending, plaintiff filed his notice of appeal in Appeal No. 90-2189. Plaintiff recited in the body of the notice that "Rule 4(a)(4) Fed.Rules App.Proc. appears to be controlling and that in such case the Notice may be premature."
 
 
 4
 Plaintiff was correct. Rule 4(a)(4) provides that "[a] notice of appeal filed before the disposition of any [Rule 59] motion[ ] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above," which is thirty days in a case in which the United States is not a party. Therefore, the notice of appeal plaintiff filed on August 30, 1990, while his Rule 59 motion was still pending, was void and had no effect. See Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 810 n. 1 (10th Cir.1989). To perfect a timely appeal, plaintiff had to file a new notice of appeal within thirty days after the court ruled on his Rule 59 motion. Fed.R.App.P. 4(a)(1) and (4).
 
 
 5
 The district court denied plaintiff's Rule 59 motion on September 4, 1990. Plaintiff, however, did not file another notice of appeal until October 9, 1990, thirty-five days later. Because plaintiff did not file his second notice of appeal (docketed as Appeal No. 90-2222) within thirty days of the disposition of his Rule 59 motion, his second appeal also was untimely. If a notice of appeal is untimely, the appellate court is without discretion to review the merits and must dismiss the appeal. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988).
 
 
 6
 Accordingly, Appeal Nos. 90-2189 and 90-2222 are DISMISSED for lack of jurisdiction. Defendants' motion to strike the notice of appeal in No. 90-2189 for failure to comply with Fed.R.App.P. 3(c) is DENIED as moot.
 
 
 7
 The mandates shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3