974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard CASE; Loretta Case, Plaintiffs-Appellants,
v.
CONTINENTAL AIRLINES CORPORATION, Defendant-Appellee,
and
Texas Air Corporation, Defendant.
 No. 91-1156.
 United States Court of Appeals, Tenth Circuit.
 Aug. 11, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Richard and Loretta Case and their counsel, Allen H. Browning, appeal from a district court order dated March 22, 1991, directing the Cases and Browning to pay a pro rata share of expenses due counsel appointed in the consolidated multi-district litigation surrounding the Continental Airlines crash at Stapleton Airport in November, 1987.[1] We review the district court's determination for an abuse of discretion. See Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1148 (10th Cir.1990) (standard of review for attorney fees awards by district court is abuse of discretion).
 
 
 3
 All cases filed as a result of the air disaster were consolidated for trial in the District of Colorado by transfer and consolidation order dated November 29, 1988; the issue of liability was determined by jury trial of an exemplar case in June, 1989. Plaintiffs filed suit in the District of Idaho in November, 1988. Their case was transferred to the District of Colorado and consolidated with the multi-district litigation at some point following completion of the exemplar trial. Pursuant to the district court's Order MDL 751-48, Final Pretrial Order, issued September 27, 1989, the Cases' suit was declared not bound by the verdict of the exemplar trial, the terms of the district court's transfer and consolidation orders, or the principles of collateral estoppel. Appellants' App. at 40.
 
 
 4
 Prior to the exemplar trial, the district court issued Order No. 751-1 Re: Practice and Procedure for Consolidated Discovery. Supplemental App. at 4. This order provided for the establishment of a plaintiffs' steering committee to coordinate pretrial matters related to discovery. It also provided for the appointment of plaintiffs' liaison counsel to act as administrator. Among other duties, liaison counsel was responsible for the accounting, collection, and disbursement of fees and expenses due the steering committee. See Gordon v. Eastern Air Lines, Inc. (In re Air Crash Disaster at Florida Everglades on December 29, 1972), 549 F.2d 1006, 1014-15 (5th Cir.1977) (court has the power to designate one attorney or several attorneys to handle pre-trial activity in complex litigation).
 
 
 5
 Order No. 751-1 provided that the expenses of the steering committee and liaison counsel were to be paid by plaintiffs in all consolidated cases on a pro rata basis.
 
 
 6
 In every action terminated by settlement later than May 27, 1988, each plaintiff shall be obligated for a proportionate share of the expenses of the Committee and Liaison Counsel through the date a written settlement agreement is approved by the court.
 
 
 7
 Supplemental App. at 11. The order further required that counsel for all plaintiffs not represented by a member of the steering committee or by liaison counsel, deposit with liaison counsel an amount equal to three percent of the settlement amount. This amount was to be deducted from the representing counsel's attorney fees and was to be used to pay the attorney fees of the steering committee and liaison counsel. Id. at 10-11.
 
 
 8
 Although this order was clear as to the responsibility of the consolidated and bound litigants, the status of the unbound litigants remained unclear. On June 7, 1989, the district court addressed this issue in Order MDL 751-39. The court stated that eight cases, including this case, were not consolidated before the January, 1989, exemplar trial, and determined that those plaintiffs would not be allowed to rely on the verdict of the exemplar trial to establish their own claims. Appellants' App. at 200. The court was emphatic in its order that these "wait and see" litigants could not benefit in any way from the consolidated trial. Id. at 187-200. On July 17, 1989, the district court issued Order MDL 751-43, referring the issue of payment of fees and expenses by these unbound litigants to the magistrate judge for findings and recommendations. Id. at 210.
 
 
 9
 The Cases settled their claims against Continental Airlines in October, 1989. On November 30, 1989, the magistrate judge recommended that the unbound plaintiffs and their respective counsel not be bound by Order MDL 751-1 for payment of the three percent of the fees and their pro rata share of the expenses of the steering committee and the liaison counsel. Id. at 217-18. He further found that the Cases represented a unique situation in that they were not represented by a member of the steering committee and were the only litigants in the consolidated action represented by Browning. Id. at 218-19. The magistrate judge stated that it would be "inequitable for Mr. Case to pay for the litigation expenses and attorneys' fees of the exemplar trial and receive no benefit other than knowing the results of that trial." Id. at 219.
 
 
 10
 Upon review, the district court issued Order 1990-1 dated January 10, 1990, disagreeing with the magistrate judge's recommendation and ordering the plaintiffs and counsel in the unbound cases to pay their share of the fees and expenses up to the first day of the exemplar trial. Id. at 221-22. The Cases objected to this order and the district court referred the matter back to the magistrate judge for a hearing on the parties' request to be excluded from payment. Following a hearing, the magistrate judge agreed with the district court and, on May 31, 1990, issued an order holding the parties liable for the payment of fees and expenses.[2] Id. at 228-30.
 
 
 11
 Subsequent to the magistrate judge's order, Browning paid three percent of the Cases' settlement amount to the steering committee and liaison counsel in the amount of $5,250.00. In his brief, Browning requests a reimbursement of this amount. Appellants' Br. at 20. The liability for payment of the three percent attorneys' fees was addressed in the district court's order of January 10, 1990, and the magistrate judge's order of May 31, 1990. Neither of these orders was timely appealed from by the parties. The district court's order of March 22, 1991, from which the parties did file a timely appeal, does not address payment of the three percent of attorneys' fees. Consequently, this issue is not properly before us on appeal. See Cunico v. Pueblo Sch. Dist. No. 60, 917 F.2d 431, 444 (10th Cir.1990) ("Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal."); Robison v. Maynard, 829 F.2d 1501, 1502 (10th Cir.1987) (failure to appeal ruling on an issue precludes argument on appeal).
 
 
 12
 The Cases, however, were unable to pay the approximate $12,000.00 pro rata share of the expenses. It appears they paid $1,500.00 and offered to make payments on the balance. Following the Cases' failure to pay the full amount, liaison counsel filed a motion for an order to show cause as to why the Cases and Browning should not be held in contempt for failure to pay the pro rata share of expenses. The district court issued an order to show cause on October 29, 1990. Although the district court did not make a specific finding of contempt, on March 22, 1991, it issued an order directing Allen Browning and Richard and Loretta Case to pay the pro rata share of expenses due the steering committee. Appellants' App. at 236-37. It is from this order that the parties appeal.
 
 
 13
 Liaison counsel argues that Order No. 751-1 requires Mr. Browning to deposit the Cases' pro rata share of the expenses in liaison counsel's interest bearing account following notification and confirmation of the amount. Liaison counsel contends that Browning's failure to do so amounts to an act of bad faith. We do not agree. Paragraph J of Order No. 751-1 actually states:
 
 
 14
 Within ten (10) days following receipt of appropriate settlement documents, and upon order of the court, counsel for plaintiff will submit for court approval an order of compromise and dismissal with prejudice. Each order shall state, inter alia, the amount of money payable to the Committee and Liaison Counsel. This share of expenses shall be deposited in an interest-bearing account by Plaintiffs' Liaison counsel, who shall certify that such monies have been received by him.
 
 
 15
 Supplemental App. at 11-12. Contrary to liaison counsel's interpretation, this language does not personally obligate counsel for payment of these expenses. During the hearing regarding the obligation of the unbound litigants, the magistrate judge further clarified the intent of the order by querying Browning regarding his understanding that the pro rata share of the expenses would be the Cases' obligation. See Appellants' App. at 256. The record is void of any indication that the court ever intended that the representing attorneys be liable for the expenses of the steering committee and liaison counsel. Therefore, it is our determination that the district court's assessment of these expenses against Browning is incorrect.
 
 
 16
 As to whether the Cases, as unbound plaintiffs, should be liable for a pro rata share of the expenses of the steering committee and liaison counsel, we must reach a conclusion in light of the equities of the situation. In class action cases, the Supreme Court has stated that, in awarding litigation expenses from a common fund, the court must consider: (1) whether the classes of persons benefiting from the lawsuit were small in number and readily identifiable, (2) whether the benefits bestowed on the classes are easily traced, and (3) whether the costs could be "shifted with some exactitude to those benefiting." Boeing Co. v. Van Gemert, 444 U.S. 472, 478-79 (1980); see also Brown v. Phillips Petroleum Co., 838 F.2d 451, 454 (10th Cir.) (underlying purpose of common fund doctrine is to place cost of litigation upon persons who benefit from the lawsuit), cert. denied, 488 U.S. 822 (1988). Although this is not a class action case and the common fund doctrine is not applicable per se, an assessment of the benefits bestowed may serve to guide us in this determination.
 
 
 17
 The record contains no evidence that Browning or the Cases had any access to, or derived any direct benefit from, the discovery and pretrial procedures of the consolidated proceedings. In fact, in Order MDL 751-48, Final Pretrial Order, the district court was clear that access to the joint document depository was to be denied any plaintiffs not entering into a stipulation and agreement to share in the fees and expenses incurred. Appellants' App. at 41-42. The Cases did not enter into any such stipulation or agreement.
 
 
 18
 The record indicates no traceable benefits flowing to the Cases. The Cases' lawsuit was not consolidated at the time of the exemplar litigation. The district court's order was clear that unbound cases would not be allowed to benefit from the consolidated trial. See id. at 187-200. Liaison counsel argues that the Cases did benefit in that they were placed in a more favorable bargaining position at the time of settlement negotiation because of Continental's knowledge that they had the potential for access to the liability litigation discovery. This argument is tenuous, conclusory, and without merit.
 
 
 19
 In sum, we determine that the district court abused its discretion in assessing a pro rata share of the expenses of the steering committee and liaison counsel against Richard and Loretta Case and Allen Browning. Any monies paid by Richard and Loretta Case in compliance with the district court order are to be refunded. The judgment of the United States District Court for the District of Colorado is REVERSED, and the cause is REMANDED for proceedings in conformity with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The caption of the notice of appeal in this case does not name the attorney, Allen H. Browning, as a party in interest. However, the body of the notice contains adequate reference to Browning to alert the opposition and the court to the fact that he intends to appeal on his own behalf as well as on behalf of his clients. Therefore, all parties in interest are correctly before the court and we have jurisdiction. See Fed.R.App.P. 3(c); Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988)
 
 
 [2]
 In the notice of appeal, the parties indicate an intent to appeal from this order of the magistrate judge. We do not reach the issue of whether this is a final appealable order because the notice of appeal as to this order is untimely in any event. See Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.) (a timely notice of appeal is necessary to bestow jurisdiction upon an appellate court), cert. denied, 419 U.S. 997 (1974)