**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NEILA J. BROOKS,

        Plaintiff-Appellant,

v.

SUPERVALU, INC.,

        Defendant-Appellee.

No. 05-1467

District of Colorado

(D.C. No. 04-CV-00336-OES-CBS)

---

**ORDER**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Plaintiff-appellant Neila J. Brooks appeals the magistrate judge's order granting summary judgment in favor of defendant-appellee Supervalu, Inc. (Supervalu) on Ms. Brooks's age and sex discrimination claims. 29 U.S.C. §§ 621-634 (age discrimination); 42 U.S.C. § 2000e-16 (sex discrimination).[1]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]By consent of the parties, a United States Magistrate Judge exercised jurisdiction over the case below.

Because we find that the magistrate judge erred in enlarging the time for filing a notice of appeal, we dismiss the appeal for lack of jurisdiction.

"[A]n appellate court acquires jurisdiction of an appeal only upon the timely filing of a notice of appeal, and this requirement is mandatory and jurisdictional." *Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256 (10th Cir. 1990) (citing *United States v. Robinson*, 361 U.S. 220 (1960)). The magistrate judge's final judgment was filed on July 13, 2005. The thirty-day deadline for filing a notice of appeal was August 12, 2005. *See* Fed. R. App. P. 4(a)(1)(A). Ms. Brooks filed a timely Rule 4(a)(5) motion for extension of time on August 9, 2005.[2] On August 31, 2005, the magistrate judge granted the motion and allowed for an extension of time until September 20, 2005. Under FRAP 4(a)(5)(C), however, an extension may only "exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." The later date in this case was September 11, 2005, and the magistrate judge's extension thus exceeded the limits set by the Federal Rules of Appellate Procedure.

Even with the impermissible extension of time, however, Ms. Brooks still did not file her appeal before September 20, 2005. On September 16, 2005, she filed an untimely Rule 4(a)(5) motion requesting an additional six-week

---

[2]For unexplained reasons, Ms. Brooks filed three identical Rule 4(a)(5) motions on August 8 and 9, 2005. The district court ruled only on one.

extension. The magistrate judge denied the motion, finding the request excessive, but nonetheless extended her filing deadline to October 17, 2005. Ms. Brooks then filed her notice of appeal on that date.

As this Court has held, FRAP 26(b)(1) "expressly prohibits extensions of time for filing notice of appeal beyond the time limits set out in [Rule 4]." *Evans*, 896 F.2d at 1257. The magistrate judge thus lacked the authority to grant an extension beyond September 11, 2005, let alone to grant a second extension of time. Ms. Brooks's notice of appeal was thus untimely. Because this Court lacks jurisdiction over Ms. Brooks's appeal, we must dismiss it without reviewing the merits of her claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-96 (1998); *see also Gooch v. Skelly Oil Co.*, 493 F.2d 366, 367 (10th Cir. 1974).

The appeal is **DISMISSED** for lack of jurisdiction.

Entered for the Court,

Michael W. McConnell
Circuit Judge