**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 17, 2006**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | Nos. 05-2214 & 05-2385 (D.C. Nos. CIV-05-166 BB/RLP and CR-00-1424 BB) (New Mexico) |
| ARTURO NATERA, | |
| Defendant-Appellant. | |

**ORDER***

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Arturo Natera, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2255 petition and the district court's denial of an extension of time to file an appeal. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(c), and construing Mr. Natera's *pro se* filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we conclude jurists of reason would not find debatable the district court's denial of Mr. Natera's request for relief. We therefore deny his application for a COA.

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

In August 2002, Mr. Natera was convicted on federal drug charges and sentenced to 360 months in prison. His conviction was affirmed on direct appeal. *See United States v. Cobos*, 92 Fed. Appx. 650, 656 (10th Cir. 2004) (unpublished). Mr. Natera then sought relief under 18 U.S.C. § 2255. He asserted various claims of ineffective assistance of counsel and also claimed his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied Mr. Natera's request for relief, and Mr. Natera appealed. That appeal was docketed as appeal number 05-2214, which we thereafter dismissed as untimely. Mr. Natera filed a motion for reconsideration, which we granted by partially remanding the matter to the district court to determine whether "a motion to extend time to respond to the government's motion should be construed as a motion to extend time to appeal and is sufficient to grant an extension of time under FED. R. APP. 4(a)(5)(A)." Ord. filed Aug. 26, 2005.

Upon remand, the district court concluded Mr. Natera's motion for an extension of time to reply to the government's response to his § 2255 motion should be construed as a motion to extend time to file an appeal, but the court nonetheless held that the motion should be denied because Mr. Natera could show neither the requisite good cause nor excusable neglect. Mr. Natera timely appealed that ruling, which was docketed as No. 05-2385.

Unless we conclude the district court erred in denying Mr. Natera's motion

for extension of time to file an appeal, we have no jurisdiction over Mr. Natera's appeal of his § 2255 motion. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978) (holding timely notice of appeal is both mandatory and jurisdictional). Thus, we first address whether Mr. Natera is entitled to a COA regarding the district court's denial of his Rule 4(a)(5)(A) motion.

"[A] trial court's finding as to the presence or absence of excusable neglect as that term in used in FED. R. APP. P. 4 should not be overturned by us on appeal unless there has been a clear abuse of discretion." *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir. 1974) (internal quotations omitted). In determining that Mr. Natera showed neither good cause nor excusable neglect in his motion for extension of time, the district court found the following allegations of Mr. Natera insufficient. Initially, Mr. Natera asserted that the government's response was "quite lengthy and complex." In actuality, the government filed no response. Mr. Natera then claimed that he mistakenly equated the dismissal order to a response by the government.

On appeal, Mr. Natera attributes the error in incorrectly construing the dismissal order to his inmate legal counsel, who he alleges followed a "cookbook style checklist" in determining what pleadings would be filed and when. According to Mr. Natera, the jailhouse lawyer believed that after the § 2255 motion was filed, Mr. Natera would then receive a response to the motion from the government rather than a dismissal from the district court.

The determination of whether a failure to meet a deadline is "excusable" is at bottom an equitable one, taking into account all of the circumstances, including: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004). As Mr. Natera notes, there is little danger of prejudice to the government as it has filed no pleadings in regard to either of Mr. Natera's appeals. The length of the delay in filing an appeal of the denial of the § 2255 motion was fifteen days, and there is no indication that the delay was due to bad faith. However,

> fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable. *City of Chanute* [*v. Williams Natural Gas Co.*], 31 F.3d [1041,1046 (10th Cir. 1994]; *see Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (We have observed that the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.)

*U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quotations marks omitted).

Here, the given reason for the delay was Mr. Natera's failure to construe the district court's dismissal as a dismissal. Expecting a response brief to his § 2255 motion from the government, he assumed the district court's dismissal was that response brief. Mr. Natera makes no claim that he did not have notice of the

dismissal nor that he could not read the dismissal once he received it. "'[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" *Torres*, 372 F.3d at 1163 (quoting *Pioneer*, 507 U.S. at 392); *see also id.* ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (internal quotations and citations omitted). Thus, Mr. Natera's reason for the delay does not constitute excusable neglect.

A COA should issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Based on our review of the district court's ruling, the record on appeal and Mr. Natera's submissions to our court, we do not think jurists of reason would find debatable the district court's dismissal of Mr. Natera's petition on the grounds that his notice of appeal was not timely. We therefore **DENY** his application for a COA and **DISMISS** his appeals.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-