**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMILY BOSCOE CHUNG,

     Plaintiff - Appellant,

v.

TIMOTHY J. LAMB; TIMOTHY J.
LAMB, P.C.,

     Defendants - Appellees.

--------------------

KAREN A HAMMER,

     Attorney - Appellant.

Nos. 18-1479 & 19-1056
(D.C. No. 1:14-CV-03244-WYD-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

In these procedurally consolidated appeals, Emily Boscoe Chung and Karen

Hammer appeal in No. 18-1479 from the district court's entry of final judgment in

favor of the defendants and in No. 19-1056 from the district court's denial of their

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to file an untimely appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court in No. 19-1056 and dismiss No. 18-1479 for lack of jurisdiction because it is untimely.

## I.  Background

Ms. Hammer, an attorney, filed the underlying case, purportedly on behalf of her client Ms. Boscoe Chung, to redress Mr. Lamb's alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. More than three years later, Ms. Hammer disclosed an agreement wherein Ms. Boscoe Chung assigned her FDCPA claims to Ms. Hammer before Ms. Hammer filed the action. The district court then granted summary judgment to Mr. Lamb and his law firm on the grounds that Ms. Boscoe Chung lacked party-in-interest standing due to the assignment. It also rejected Ms. Hammer's attempt to be substituted as the plaintiff under Fed. R. Civ. P. 17(a)(3), noting that "Ms. Hammer presents the gold standard evidence of intentionally naming the incorrect real party in interest as a tactical maneuver." Aplt. App. Vol. 13 at 3270.[1]

The district court entered its final judgment on November 14, 2018. Under Fed. R. App. P. 4(a)(1)(A), the deadline to file a notice of appeal expired on Friday,

---

[1] The district court found that Ms. Hammer named Ms. Boscoe Chung as the plaintiff "so that she could rely on issue preclusion" from a state court proceeding, Aplt. App. Vol. 13 at 3272 (brackets omitted) (internal quotation marks omitted), and that Ms. Hammer engaged in a "four-year crusade to hide the real party in interest from Mr. Lamb and [the] Court," *id.*

2

December 14, 2018.  Early on December 15, 2018, Ms. Hammer[2] filed a motion for

an extension of the deadline to file a notice of appeal.  The motion explained:

> Counsel Hammer has had several client emergencies beyond the control
> of either counsel or her clients that interfered with counsel's being able
> to carry forward the work on this appeal other than in the final days
> before the deadline, when she was hit with significant gastrointestinal
> issues.  Today, Hammer also experienced multiple technological issues
> that cut her off from her office network, her printer, and the Internet
> during the limited time when she was able to work.  This motion is
> being filed only because Hammer determined that she needed to briefly
> access other offices this evening to enable her to seek this relief.

Aplt. App. Vol. 13 at 3335.

Shortly after filing the motion, Ms. Hammer filed a letter with the district

court explaining that "[l]ate" on December 14, 2018, she "*began* accessing the ECF

system to file [the] motion for an extension of the appeals deadline in this case." *Id.*

at 3338 (emphasis added).  In the process of attempting to file the motion, she first

mistakenly logged in to a training website and not the court's official ECF website.

She then attempted to log in to the official ECF website using incorrect credentials.

Within 15 minutes she resolved that problem and filed the motion for an extension of

the deadline to appeal at 12:16 a.m. on December 15, 2018.

Ms. Hammer filed a three-page notice of appeal from the district court's final

judgment on December 17, 2018.  The district court denied the motion for an

extension of time to appeal by order dated January 17, 2019.

---

[2] Because the district court found that Ms. Hammer is the real party in interest,
and because Ms. Hammer took all the actions relevant to this appeal, we generally
refer to only Ms. Hammer herein even though she took some actions nominally on
behalf of Ms. Boscoe Chung.

We then issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. Ms. Hammer responded by arguing that the district court clerk's office was inaccessible on December 14, 2018 such that Fed. R. App. P. 26(a)(3) operated to extend the deadline to file a notice of appeal to December 17, 2018.[3] She also filed a separate appeal of the district court's order denying the motion for an extension of time to appeal and argued that reversal of that order would give this court jurisdiction.

We consolidated the two appeals for procedural purposes and deferred judgment on the jurisdictional question, which we now address.

## II. Discussion

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). We therefore cannot hear an appeal if the appellant files the notice of appeal after the deadline. *See, e.g.*, *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006) (dismissing appeal for lack of jurisdiction where appellant filed notice of appeal six minutes late).

## A. Ms. Hammer Filed the Notice of Appeal in No. 18-1479 After the Deadline

The deadline for filing a notice of appeal "is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday" "if the clerk's office is inaccessible" "on the last day for filing." Fed. R. App. P. 26(a)(3). Ms. Hammer argues that her errant attempts to log in to the court's ECF system during December

---

[3] Under Fed. R. App. P. 3(a)(1), parties must file their notice of appeal with the district court clerk.

4

14's waning hours rendered the clerk's office "inaccessible" that day. We reject this argument.

In making the argument, Ms. Hammer does not allege that she was attempting to file the *notice of appeal* when she mistakenly logged in to the wrong website and thereafter used the wrong credentials.[4] Nor does she allege that the system would have prevented her from filing the notice of appeal at any time on December 14 had she accessed the correct site and used the correct credentials. And she admits that she did not follow the district court's directions for accessing the ECF site.[5]

Ms. Hammer has not cited a single case where an individual litigant's errors or delays in attempting to file a pleading warranted a finding that the clerk's office was "inaccessible" on the day in question. But in many cases courts have rejected similar arguments. *See, e.g.*, *Justice v. Town of Cicero*, 682 F.3d 662, 665 (7th Cir. 2012) ("A crash of the lawyer's computer, or a power outage at 11:50 PM, does not extend the deadline, even though unavailability of the court's computer can do so . . . .") (construing Fed. R. Civ. P. 6(a)(3)); *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1046 (11th Cir. 2012) (declining to hold that the clerk's office was inaccessible where

---

[4] Ms. Hammer was instead attempting to file her motion for leave to file the notice of appeal out of time.

[5] The District of Colorado recommends accessing its ECF system by either clicking the link on its website or by directly typing the URL, https://ecf.cod.uscourts.gov, into a browser. *See* U.S. Dist. Ct.—Dist. of Colo., Electronic Case Filing User Manual 10 (Version 6.1 2018), http://www.cod.uscourts.gov/Portals/0/Documents/CMECF/ECF_User_Manual_Version_6.1.pdf. Ms. Hammer attempted to access the ECF system via a search engine not affiliated with the court, which she claims directed her to the wrong site.

5

Federal Express failed to deliver a petition by the filing deadline); *In re Sands*, 328 B.R. 614, 619 (Bankr. N.D.N.Y. 2005) ("Problems occurring in counsel's office, such as a poor Internet connection or a hardware problem, will not excuse [a party's] untimely filing. It is incumbent on the [party] to show that the clerk's office was subject to a CM/ECF system failure.") (finding that bankruptcy petition was not filed prior to foreclosure sale for purposes of 11 U.S.C. § 362 where attorney logged in to ECF 11 minutes before the sale began but did not complete the filing until after the sale).

Ms. Hammer's misplaced efforts to reach the correct filing platform do not render the clerk's office inaccessible any more than entering the wrong street address into her GPS would have if she were attempting to file a paper copy. The clerk's office was accessible on December 14, Ms. Hammer simply failed to access it.

## B. The District Court Did Not Abuse Its Discretion in Denying the Motion For an Extension of Time to File a Notice of Appeal

The district court can extend the time for a party to file a notice of appeal if the "party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(a)(ii). The district court found that Ms. Hammer failed to establish either.

We review the district court's refusal to extend the time for filing for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). Under this standard, we will not disturb the district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded

the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted).

Ms. Hammer first contends that the district court abused its discretion in denying the motion for an extension of the deadline to appeal because "the court treated [her] sworn evidence of facts as if they were merely unsupported 'allegations.'" Aplt. Resp. to Order to Show Cause at 8; *see also* Aplt. Reply Br. at 11.[6] In particular, Ms. Hammer finds fault in the district court's disregard of her conclusory "sworn statement" that her reasons for missing the deadline were "beyond her control and/or *not* her fault." Aplt. Resp. to Order to Show Cause at 8 (internal quotation marks omitted).

Ms. Hammer misapprehends the district court's decision and her burden. The court fully considered Ms. Hammer's proffered evidence. But it found that evidence legally insufficient to support the relief requested. In reaching its conclusion, the district court found that "the real cause of the late notice of appeal was . . . waiting until at or near the deadline to prepare the notice of appeal." Aplt. App. Vol. 14 at 3433. And Ms. Hammer does not argue on appeal that the district court erred in making this finding.

---

[6] Ms. Hammer first made her arguments regarding the district court's alleged abuse of discretion in response to our order to show cause why her appeal should not be dismissed for lack of jurisdiction. Ms. Hammer did not renew any of these arguments in her opening brief, relying instead only on her argument that the clerk's office was inaccessible on December 14, 2018. But she did renew them in her reply brief. We address them in connection with ruling on the order to show cause.

The district court's approach comported with our precedent.  "[W]e have on numerous prior occasions indicated that the thirty-day period for filing a notice of appeal . . . [is] not to be extended except on a *real showing* of excusable neglect." *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir. 1974) (emphasis added).  A party does not automatically establish excusable neglect or good cause by simply submitting a sworn attorney statement recounting the reasons that a party missed the deadline.  *See, e.g.*, *id.* at 369 (reversing district court finding of excusable neglect based on facts recounted in attorney affidavit); *Buckley v. United States*, 382 F.2d 611, 613–15 (10th Cir. 1967) (holding that facts recounted in attorney affidavit were legally insufficient to support a finding of excusable neglect).

Instead, the facts must actually show that the neglect was legally excusable or that good cause exists.  *Cf. United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979) (per curiam) ("The burden of establishing a sufficient reason for failure to comply with the filing requirements remains with the appellant.").  Ms. Hammer does not argue on appeal that the evidence she presented legally supported a finding of excusable neglect or good cause.  We have nonetheless carefully reviewed the evidence presented by Ms. Hammer and conclude the district court acted well within its discretion in finding Ms. Hammer's proffered evidence insufficient.

Ms. Hammer next contends we should reverse because the district court (1) demonstrated conscious bias toward Ms. Hammer and (2) harbored unconscious bias against Ms. Hammer that tainted its decision.

8

To support her bias allegations, Ms. Hammer points to the district judge's adverse rulings on prior matters, management of briefing and deadlines in the case, and questioning regarding the ethical nature of Ms. Hammer's arrangement with Ms. Boscoe Chung. She also relies on alleged ex parte communications between opposing counsel and the magistrate judge's staff[7] on topics unrelated to Ms. Hammer's motion to extend the deadline to appeal.

"Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). "[A]dverse rulings [therefore] cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (internal quotation marks omitted). "A judge's ordinary efforts at courtroom administration," are likewise "immune" from charges of bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). And ex parte communications, in themselves, do not automatically establish that an adjudicator "abandoned the impartial judicial role." *J.B. v. Washington County*, 127 F.3d 919, 926 (10th Cir. 1997). Nor can a decision be invalidated based on mere speculation that an ex parte communication may have influenced that decision. *See West v. Grand County*, 967 F.2d 362, 370 (10th Cir. 1992).

---

[7] The district judge, and not the magistrate judge, ruled on the motion for an extension of time to appeal.

The district court's actions that Ms. Hammer impugns do not evince bias and do not warrant reversal under applicable precedent.

## III.  Conclusion

The district court's denial of Ms. Hammer's motion to extend the deadline to appeal in No. 19-1056 is affirmed.  We therefore dismiss No. 18-1479 for lack of jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

10